UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| V. | NO. 10-40 |
| RODNEY HENDERSON | SECTION "F" |

ORDER AND REASONS

Before the Court is the petitioner's motion seeking post-conviction relief pursuant to 28 U.S.C. § 2255. For the reasons that follow, the habeas petition is dismissed without prejudice; the Clerk of Court is directed to reinstate Henderson's criminal judgment to allow him to pursue an out-of-time appeal.

Background

Rodney Henderson, a federal prisoner, asks this court to vacate his consecutively-running sentences for distribution of heroin and being a felon in possession of a firearm. He presents three separate claims in support of his § 2255 motion for post-conviction relief: (1) that the district court erred at sentencing when it construed Henderson's prior manslaughter conviction as a crime of violence, and then departed upwards on that basis; (2) that the government breached its plea agreement in moving for an upward departure; and (3) that his counsel was ineffective for (a) failing to object to the governments motion for an upward departure and (b) failing to file an appeal after being asked to do so.

1

On March 16, 2011, Henderson pleaded guilty to charges relating to distribution of heroin and possession of firearms. In doing so, he entered into a written plea agreement, waiving his right to appeal with few exceptions: direct appeal of a sentence in excess of the statutory maximum and collateral review of a claim that ineffective assistance of counsel directly affected the validity of this waiver or of the guilty plea itself.

The original Presentence Investigation Report ("PSR") gave Henderson a base level offense of 20. However, in arriving at this calculation, his previous Louisiana manslaughter conviction was considered a "crime of violence." Henderson filed several objections to the PSR, including that the facts surrounding his manslaughter conviction fell beyond the scope of USSG § 4B1.2's definition of a "crime of violence." Since there was no available documentary evidence to prove that his manslaughter conviction was an intentional "crime of violence," the Revised Final PSR lowered the base offense level to 14 and his total offense level to 17, which advised a guidelines range of 36 - 47 months. Henderson was sentenced on March 7, 2012. Citing his escalating history of drugs and violence, the Court granted the government's request and upwardly varied from the PSR's recommended sentencing range, sentencing Henderson to 87 months imprisonment.

Henderson did not appeal, but he now seeks 28 U.S.C. § 2255 post-conviction relief.

I.

A petitioner may file a habeas corpus petition pursuant to 28 U.S.C. § 2255 claiming that a sentence imposed by a federal court "was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255. The Court "may entertain and determine such motion without requiring the production of the prisoner at the hearing." Id.

Henderson submits, under penalty of perjury, that he instructed his counsel to file a direct appeal. Henderson contends that his attorney "abandoned" him and failed to file a timely appeal. Regardless of the viability of any claims he might raise on direct appeal, and in spite of his comprehensive waiver of appellate rights, if he demonstrates by a preponderance of the evidence that he requested an appeal, he is nevertheless entitled to file an out-of-time appeal.

A. *Failure to File Requested Appeal Constitutes* Per Se *Ineffective Assistance of Counsel*

A petitioner's claim of constitutionally ineffective counsel based on the failure to file a notice of appeal is analyzed under Strickland v. Washington, 466 U.S. 688 (1984). See Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000). To show that counsel was deficient, a petitioner must show that counsel's failure to file a notice of appeal fell below an objective standard of reasonableness and that it prejudiced him. See U.S. v. Heckler, 165 Fed.Appx. 360

3

(5th Cir. 2006) (citing Flores-Ortgea, 528 U.S. at 484). In Flores-Ortega, the Supreme Court held that an attorney's failure to file a *requested* notice of appeal is *per se* ineffective assistance of counsel. 528 U.S. at 483-86. This is so regardless of the merit of any claims raised on appeal: notably, a defendant raising ineffective assistance of counsel for his counsel's failure to file a requested appeal need not demonstrate an ability to raise meritorious issues on appeal. Id. at 477-78. Instead, a petitioner shows ineffective assistance of counsel if he can show a "reasonable probability" that, he would have timely appealed had counsel not failed to file an appeal on his behalf. See id. at 484.

In United States v. Tapp, the Fifth Circuit extended the rule set forth in Flores-Ortega to apply even where a defendant has waived his right to appeal or seek collateral relief. 491 F.3d 263, 266 (5th Cir. 2007). The court held:

> [T]he rule of Flores-Ortega applies even where a defendant has waived his right to direct appeal and collateral review. In such circumstances, if the petitioner is able to demonstrate by a preponderance of the evidence that he requested an appeal, prejudice will be presumed and the petitioner will be entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal that would not be precluded by the terms of his appeal waiver.

Id. (joining the Second, Tenth, and Eleventh Circuits in holding that Flores-Ortega applies in cases involving appeal and collateral

4

review waivers).[1] Thus, if petitioner is able to establish by a preponderance of the evidence that he told his attorney to file a notice of appeal, prejudice is presumed and he is entitled to file an out-of-time appeal.

It is clear that, even though Henderson waived virtually all of his post-conviction and appellate rights, his counsel's failure to file a requested notice of appeal constitutes *per se* ineffective assistance of counsel.[2]

B. *Petitioner's Right to an Evidentiary Hearing*

Henderson submits that he instructed his attorney to appeal, but counsel never filed an appeal on his behalf. The only evidence in the record concerning whether or not Henderson instructed his attorney to file a notice of appeal is Henderson's § 2255 form, which he filled out under penalty of perjury. Under the

---

[1] See this Court's previous opinion United States v. Jones, No. 09-398, 2014 WL 2559980, at *2 n.3 (E.D. La. June 5, 2014) for a discussion of the circuit split regarding this issue and the merits of the criticism of the majority rule.

[2] This sort of outcome, inevitably due to the mishandling of the "duty-to-confer and appeal-filing step" coupled with binding case law, has prompted at least one district court to create a reminder Notice Of Counsel's Post-Conviction Obligations that is required to be furnished to counsel and client immediately after conviction; the form requires defendant and defense counsel to consult about appeal rights after which both execute and file the notice, memorializing the consultation and creating a record of the defendant's decision to appeal, or not. See Reed v. United States, Nos. 412-145, 413-201, 2014 WL 1347455, at *1 (S.D. Ga. Apr. 4, 2014); Baughman v. United States, Nos. 407-191, 407-130, 2008 WL 3861991, at *3-6 (S.D. Ga. Aug. 18, 2008)(attaching copy of Notice).

circumstances, it would be improper to deny the petitioner's motion without an evidentiary hearing. 28 U.S.C. § 2255(b) provides in part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

In determining whether a petitioner's § 2255 motion warrants an evidentiary hearing, a two-part inquiry is conducted. Friedman v. United States, 588 F.2d 1010, 1015 (5th Cir. 1979). First, the Court examines whether the record conclusively negates the factual predicates asserted in support of the motion. Id. If not, the Court next determines whether the movant would be entitled to relief if his factual allegations are true. Id. If the defendant would be entitled to relief, then the Court must conduct a hearing to ascertain the validity of the movant's factual assertions. Id.

With respect to the first prong of the inquiry, the Court finds that the record does not conclusively negate Henderson's sworn contention that his attorney disregarded his request to appeal his sentence. In fact, there is nothing in the record that even raises a dispute as to whether Henderson instructed his counsel to file a notice of appeal. Nevertheless, even had Henderson's counsel swore in an affidavit that Henderson, in fact, did not instruct him to file an appeal, the Fifth Circuit has held

that "contested fact issues in § 2255 cases cannot be resolved on the basis of affidavits." See Friedman, 588 F.2d at 1015; see also Machibroda v. United States, 368 U.S. 487, 495 (1962) ("Not by the pleadings and the affidavits, but by the whole of the testimony, must it be determined whether the petitioner has carried his burden of proof and shown his right to a discharge.").

In light of the clearly applicable law -- that counsel's failure to perfect a requested appeal constitutes *per se* ineffective assistance of counsel – the petitioner has also satisfied the second prong of the evidentiary hearing standard by establishing that he would be entitled to relief (an appeal) if his allegations were proven.

## II. Out-of-Time Appeal Procedure

The uncontroverted evidence in the record shows that Henderson requested that his counsel perfect an appeal, and that no notice of appeal was ever filed.  The Court finds that reinstating Henderson's judgment of conviction so that he, or his appointed counsel, may file a notice of appeal provides a more efficient resolution than conducting a hearing, particularly where, as here, it is uncertain whether Henderson's counsel will even dispute (or recall whether) Henderson instructed him to appeal.

If counsel failed to perfect a requested appeal, granting an out-of-time appeal is a permissible remedy. See United States v. Cooley, 549 Fed.Appx. 307, 308 (5th Cir. 2013)(citing U.S. v. West,

240 F.3d 456, 459 (5th Cir. 2001)); see also Mack v. Smith, 659 F.2d 23, 25 (5th Cir. 1981). Because "a district court does *not* have the authority to create appellate jurisdiction simply by ordering an out-of-time appeal", the judgment-reinstatement procedure set forth by the Fifth Circuit must be followed in these circumstances. See U.S. v. West, 240 F.3d 456, 459 (5th Cir. 1993) (emphasis in original). This procedure calls for dismissing the petitioner's § 2255 petition without prejudice and reinstating the petitioner's judgment of conviction to reset the time for which his appeal should run. See Mack, 659 F.2d at 26.[3] The procedure thus remedies counsel's deficiency in failing to file the requested appeal by providing the opportunity to file a notice of appeal from the re-imposed sentence within the time limit mandated by Federal Rule of Appellate Procedure 4(b)(1)(A).[4]

The Court hereby invokes the judgment-reinstatement procedure; IT IS ORDERED: that the petitioner's § 2255 petition is hereby dismissed without prejudice, and the Clerk of Court is directed to REINSTATE the judgment in this case. To file a timely appeal,

---

[3]In sanctioning this procedure, the Fifth Circuit distinguished between the statutory and judicial remedy: If the district court "choos[es] the judicial remedy, the court must deny the statutory remedy, for it is inconsistent to 'grant' § 2255 relief in name, yet deny it in substance by refusing to apply a remedy it provides." West, 240 F.3d at 459.

[4]The Court notes that the petitioner's knowing and voluntary waiver of his appeal rights, while not a bar to his right to *file* an appeal, can and will be considered by the Fifth Circuit in evaluating the merits of any such appeal.

Henderson must file a notice of appeal from the re-imposed judgment in accordance with Federal Rule of Appellate Procedure 4(b)(1)(A).

New Orleans, Louisiana, August 13, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE